UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYLENE ROLLER, KYLE ROLLER, and CHRISTOPHER ROLLER, Individually, and RAYLENE ROLLER, as Personal Representative of the Estate of Joseph L. Roller, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> JEFF MAJORS, <br><br> Defendants. | Case No. 05-CV-0686-CVE-FHM |

## OPINION AND ORDER

Now before the Court is the Amended Defendant Jeff Majors Motion for Summary Judgment (Dkt. # 31). Defendant Jeff Majors ("Majors") filed this amended motion for summary judgment on December 6, 2006. This case was originally filed in the United States Bankruptcy Court for the Northern District of Oklahoma. However, Bankruptcy Judge Rasure held that the bankruptcy court lacked jurisdiction to hear the case under 28 U.S.C. § 157(c)(1).

In the complaint, it is unclear whether plaintiffs bring a wrongful death claim, a nondischargeability of debt claim, or both. The complaint alleges that on November 16, 2002, Joseph Roller was raking leaves in his yard when defendant "came upon the premises, striking and stabbing Joseph L. Roller with a club a knife." Dkt. # 7, ¶ 7. Joseph Roller died as a result of the stabbing. Id. The complaint alleges that defendant's conduct "resulted in willful and malicious injury to the Plaintiff or to its property interests." Id., ¶ 8. Plaintiffs claim that the damages from the injury are in excess of $10,000 and that such debt incurred by defendant is nondischargeable

pursuant to 11 U.S.C. § 523(a)(6).[1] Id., ¶¶ 9, 10. Judge Rasure interpreted the complaint to include both a wrongful death claim and a nondischargeability of debt claim.[2] Though the complaint is ambiguous, the Court concurs with Judge Rasure that the complaint sets forth two claims: wrongful death and nondischargeability of debt.

In his amended motion for summary judgment, defendant asks the Court to "make a specific finding that Plaintiff's [sic] have failed to establish that their claim against Jeff Majors should be determined non dischargeable [sic] pursuant to 11 U.S.C. 523(a)(6) and that Jeff Majors should receive a complete discharge of all claims of plaintiffs in Jeff Majors underlying bankruptcy." Dkt. # 31, at 1. Under the local rules for this district, plaintiffs had eighteen (18) days from December 6, 2006 to respond to defendants' amended motion; however, they failed to file a response during that time. See N.D. Okla. LCivR 7.2(e). By failing to file a response within the time specified, plaintiffs waived the right to file a response or to controvert the facts asserted in defendant's amended motion for summary judgment. Nonetheless, for the reasons set forth below, the Court finds that defendant's amended motion for summary judgment should be denied.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp.

---

[1]  11 U.S.C. § 523(a)(6) provides, in pertinent part: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."

[2]  Judge Rasure explained, "In their Complaint, Plaintiffs requests [sic] two forms of relief. First, Plaintiffs request a determination that Defendant is liable to the Plaintiffs for the wrongful death of Joseph L. Roller and a judgment for damages caused thereby. Second, Plaintiffs request a determination that any judgment entered on the wrongful death claim be declared nondischargeable in Dependant's bankruptcy case pursuant to 11 U.S.C. § 523(a)(6)." Dkt. # 4, at 12.

v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). Summary judgment is not proper, however, merely because plaintiffs failed to file a response. Neal v. Lewis, 414 F.3d 1244, 1248 (10th Cir. 2005); Reed v. Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)) (emphasis added). Thus, "[b]efore the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meets its 'initial responsibility' of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." Reed, 312 F.3d at 1194 (quoting Celotex, 477 U.S. at 323)).

As the Tenth Circuit has pointed out, Fed. R. Civ. P. 56(e) specifically contemplates the consequences of failing to oppose a summary judgment motion:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e) (emphasis added); see also Reed, 312 F.3d at 1194 (quoting Fed. R. Civ. P. 56(e)). The burden on the nonmovant to respond arises only if the motion for summary judgment is adequately "supported", as required by Rule 56(c). Adickes v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1970); Reed, 312 F.3d at 1194. In other words, summary judgment is appropriate only when the moving party has satisfied its initial burden of production under Rule 56(c). "If the

3

evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" Reed, 312 F.3d at 1194 (quoting Adickes, 398 U.S. at 160) (emphasis supplied by the Tenth Circuit). If the nonmoving party fails to respond, the Court may not grant the motion for summary judgment "without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." Id. If the moving party has not met this burden, the summary judgment is not appropriate.

Since plaintiffs failed to respond in a timely manner, plaintiffs have waived the right to respond or controvert the facts set forth in defendant's motion for summary judgment. Id. at 1195. Thus, the Court will accept as true all material facts asserted by defendants. Id. But the Court will grant defendant's motion only if the facts set forth by defendant entitle him to summary judgment.

Here, defendant provides very minimal facts to support his amended motion for summary judgment. On November 16, 2002, in Delaware County, Oklahoma, an "altercation" occurred between Jeff Majors and Joseph L. Roller, which resulted in Joseph Roller's death. Dkt. # 31, at 1. Plaintiffs are the relatives of the decedent Joseph Roller. Defendant filed for bankruptcy in September 2005 and listed plaintiffs as creditors whose debts he was seeking to discharge. Dkt. # 31, Ex. 2. Plaintiffs did not appear at the bankruptcy creditors meeting held on September 1, 2005. Dkt. # 31, Ex. 3. However, plaintiffs filed the complaint in this action alleging that defendant cannot discharge his debt pursuant to 11 U.S.C. § 523(a)(6).

In his amended motion, defendant states, "plaintiffs have filed to identify any eyewitness to the altercation or produce any expert witness who will testify that Jeff Majors acted willfully,

maliciously or intentionally." Dkt. # 31, at 2.  As evidence of this assertion, defendant provides the Court with plaintiffs' answers to defendant's interrogatories.  In an answer to defendant's interrogatory requesting plaintiff Raylene Roller to "describe in detail why you believe Jeff Majors' actions were intentional," plaintiff answered:

> Objection, overly broad, questions of fact to be made by the jury specifically Defendant's intent, invades the providence of the jury.  Without waiving objection see all reports, and statements already provided. Defendant Jeff Majors plead the 5th Adm [sic] he's the only witness to exactly [sic] what happened and he has refused to testify at deposition in this matter. Mr. Major's [sic] is the first aggressor, came onto the decedent's property and started an altercation with him and then went to his vehicle and got a bowie knife which was the fatal devise. See autopsy report for extent of injuries.

Dkt. # 31, Ex. 1, at 8- 9.  Contrary to defendant's argument, this answer, and other answers to interrogatories, do not show that there is no genuine issue of material fact as to whether defendant's actions resulted in the "willful and malicious injury" to Joseph Roller.  11 U.S.C. § 523(a)(6).  On the contrary, it seems quite clear that the entire case – both the wrongful death claim and nondischargability of debt claim – hinges primarily on the disputed fact of whether defendant acted willfully and caused "malicious injury" to Joseph Roller.  Far from meeting his burden of showing that there are no genuine issues of material fact that remain for trial or that he is entitled to judgment as a matter of law, defendant merely asserts that plaintiffs will not be able to prove a genuine issue of material fact at trial.  Whether plaintiffs can prove the disputed fact is for the jury to decide, and summary judgment is not appropriate.

In summary, even though plaintiffs have not set forth opposing evidentiary matter, defendant is not entitled to summary judgment because he has not met his burden under Fed. R. Civ. P. 56(c) of showing that he is entitled to judgment as a matter of law.  Therefore, the Court denies defendant's amended motion for summary judgment.

**IT IS THEREFORE ORDERED** that the Amended Defendant Jeff Majors Motion for Summary Judgment (Dkt. # 31) is **denied**.

**DATED** this 11th day of January, 2007.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT